UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VANCE S. ELLIOTT,<br><br>    Plaintiff,<br><br>v.<br><br>BENEFITS MANAGEMENT CORPORATION,<br><br>    Defendants. | Case No. 13-cv-04152-JST<br><br>**ORDER DISMISSING COMPLAINT WITH PREJUDICE** |

## I.  INTRODUCTION

Pursuant to this Court's September 9 initial case management order, Plaintiff was ordered to file an ADR certification and related materials no later than November 15, and to file a Rule 26(f) report no later than November 29.  Order Setting Initial Case Management Conference and ADR Deadlines, ECF No. 4.  On November 1, this Court adopted Judge Spero's report and recommendation and dismissed Plaintiff's complaint without prejudice.  Order Adopting Magistrate Judge's Report and Recommendation, ECF No. 11.  In that order, the Court ordered Plaintiff to file an amended complaint within twenty-one days.

Plaintiff did not comply with either order or file any submission explaining his failure to comply.  Accordingly, the Court issued an Order to Show Cause why Plaintiff's claims should not be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

Plaintiff did not appear at the January 2 hearing the Court set for the Order to Show Cause.

See Civil Minutes, ECF No. 15. Plaintiff did file a response to the Order to Show Cause. ECF No. 14. In the response, Plaintiff states that he missed the ADR conference and the Rule 26(f) report because he "did not expect a favorable outcome." Plaintiff did not explain his failure to file an amended complaint, and neither did he indicate when he would comply with the Court's orders.

For the following reasons, the complaint is hereby DISMISSED WITH PREJUDICE.

## II. LEGAL STANDARD

"Under Ninth Circuit precedent, when a plaintiff fails to amend his complaint after the district judge dismisses the complaint with leave to amend, the dismissal is typically considered a dismissal for failing to comply with a court order rather than for failing to prosecute the claim." Yourish v. California Amplifier, 191 F.3d 983, 986 (9th Cir. 1999). "In determining whether to dismiss a claim for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002). Dismissal is appropriate "where at least four factors support dismissal . . . or where at least three factors strongly support dismissal." Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (citation and internal quotation marks omitted).

## III. ANALYSIS

The Court concludes that four of the five factors discussed above strongly support the dismissal of this action.

The first two factors, namely the public's interest in expeditious resolution of litigation and the court's need to manage its docket, relate to "the efficient administration of judicial business for the benefit of all litigants with cases pending." Nealey v. Transportacion Maritima Mexicana, S. A., 662 F.2d 1275, 1279 (9th Cir. 1980). Here, by failing to comply with the Court's orders

(especially failing to file an amended complaint), Plaintiff has completely stalled this action, thereby depriving the Court of the ability to control the pace of its docket. Accordingly, these factors weigh strongly in favor of dismissal.

Although the third factor, the risk of prejudice to the defendant, may not appear to apply to a case in which defendants have not appeared, the Ninth Circuit has held that "[w]hether prejudice is sufficient to support an order of dismissal is in part judged with reference to the strength of the plaintiff's excuse for the default." Malone v. U.S. Postal Serv., 833 F.2d 128, 131 (9th Cir. 1987). "[A] presumption of prejudice arises from the plaintiffs' failure to prosecute." Hernandez, 138 at 400. A plaintiff may rebut this presumption only "with an excuse for his delay that is anything but frivolous." Nealey, 662 F.2d at 1281. Here, Plaintiff's excuse for failing to comply with the Court's ADR and Rule 26(f) orders (that he did not expect a favorable outcome) is not a valid excuse. And he has provided no excuse for his failure to amend the complaint. Accordingly, this factor also weighs strongly in favor of dismissal.

The fourth factor concerns the public policy favoring disposition of cases on their merits, which normally "strongly counsels against dismissal." In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d 1217, 1228 (9th Cir. 2006). Nevertheless, the Ninth Circuit has recognized that "a case that is stalled or unreasonably delayed by a party's failure to comply with deadlines . . . cannot move forward toward resolution on the merits." Id. at 1228. For this reason, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." Id. (citations and internal quotation marks omitted). Here, Plaintiff's failure to comply with the Court's orders has impeded all progress in this case. Thus, this factor is neutral at best.

Finally, the fifth factor pertains to the availability of less drastic sanctions. Here, the Court gave Plaintiffs two opportunities to comply with the Court's orders and two opportunities to explain his lack of diligence in prosecuting this action. The Court has fulfilled its "obligation to

warn the plaintiff that dismissal is imminent" on two occasions. Oliva v. Sullivan, 958 F.2d 272, 274 (9th Cir. 1992). Rather than dismiss the complaint with prejudice after Plaintiff failed to comply with the Court's first order, the Court attempted the lesser sanction of issuing an Order to Show Cause and providing yet another opportunity to comply. Cf. Yourish, 191 F.3d at 992. These opportunities and warnings are sufficient to establish that the Court has considered sanctions short of dismissal. In re PPA Prods. Liab. Litig., 460 F.3d at 1229 ("Warning that failure to obey a court order will result in dismissal can itself meet the 'consideration of alternatives' requirement.") (citation omitted); see also Nevijel v. N. Coast Life Ins. Co., 651 F.2d 671, 674 (9th Cir. 1981) ("Though there are a wide variety of sanctions short of dismissal available, the district court need not exhaust them all before finally dismissing a case").

Because granting further leave to amend would be futile, and because of the undue delay in this case, dismissal is with prejudice. See Yourish, 191 F.3d at 998 (affirming dismissal with prejudice for failure to timely amend complaint). Bearing in mind its obligation of sensitivity to *pro se* litigants, the Court has more than adequately "provide[d] the litigant with notice of the deficiencies" in his prosecution of this action, and provided several opportunities for compliance. Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992).

## V. CONCLUSION

Plaintiff's complaint is hereby DISMISSED WITH PREJUDICE. The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: January 2, 2014

_____
JON S. TIGAR
United States District Judge